UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TIMOTEO ROSENDO, on behalf of himself  : Case No. 15-CV-5462
and others similarly situated,  : (DF)
  :
                       Plaintiff,  :
  :
-against-  :
  :
NYC SABLE INC. d/b/a SABLE'S SMOKED FISH,  :
DANNY SZE, KENNY SZE, and ANDY SZE,  :
  :
                       Defendants.  :
----------------------------------------------------------------X

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

      This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Timoteo Rosendo (hereinafter referred to as "Plaintiff" or "Releasor"), and NYC Sable Inc. d/b/a Sable's Smoked Fish (the "Company"), and each of its parent companies and any of its subsidiaries, divisions, related companies, and its predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, and Danny Sze, Kenny Sze, and Andy Sze, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees").

      WHEREAS, on July 14, 2015, Plaintiff filed suit for damages titled *Timoteo Rosendo, on behalf of himself and others similarly situated v. NYC Sable Inc. d/b/a Sable's Smoked Fish, Danny Sze, Kenny Sze, and Andy Sze,* in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-5462 (DCF) (hereinafter referred to as the "Complaint"), alleging claims for, among other things, unpaid overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the parties appeared before the Court on September 16, 2016 for a settlement conference, and reached a settlement in principle based upon those negotiations and upon the Court's recommendations; and,

WHEREAS, the parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiff and the Defendants hereby agree as follows:

### A. Settlement Payment

1. In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Ninety-Five Thousand Dollars ($95,000.00) (the "Settlement Sum"), of which Thirty-Three and On-Third Percent (33.33%) shall be considered payable to Plaintiff's counsel as attorneys' fees, and which shall be paid as follows:

- **FIRST PAYMENT:** Within ten (10) days of the Court's approval of the Agreement as fair and reasonable and dismissing the Complaint with prejudice, the Defendants shall issue one (1) check in the amount of Fifteen Thousand Dollars ($15,000.00).

- **PAYMENTS 2-21:** Beginning thirty (30) days following the First Payment and continuing every thirty (30) days thereafter, the Defendants shall issue twenty (20) consecutive monthly installment payments in the

amount of Four Thousand Dollars ($4,000.00) until the Settlement Sum is paid in full.

2.  The settlement payments described in Paragraph A(1) shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the dates indicated above.

**B.   Penalty for Late Payment/Default**

In the event that the Defendants fails to make the settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Jian Hang, Esq., Hang & Associates, PLLC, 136-18 39th Avenue, Suite 1003, Flushing, New York 11354, Facsimile (718) 353-6288. The Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $10,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the

Agreement, including having judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

      C.      **Wage & Hour Release by Plaintiff:**

            1.      In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date.

2. This release shall not affect or limit: (a) any non-wage and hour claims, (b) any claims that may arise after the date Plaintiff signs this Agreement, or (c) Plaintiff's right to enforce the terms of this Agreement;

### D. Agreement To Refrain From Filing Claims

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

### E. Judicial Review/Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, Plaintiff and Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

### F. Representations and Acknowledgements

1. Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorney and the attorneys for the Defendants. Plaintiff further represents that:

  (a) He has reviewed each and every provision of this Agreement;

  (b) The Agreement has been explained to him by his attorney;

5

      (c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,

      (d) He does in fact fully understand this Agreement, including the release of claims.

2.    Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3.    Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

### G.    Non-Admissions

1.    Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.    Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of:

(a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### H.  Future Application/Employment

Plaintiff agrees and recognizes that his employment relationship with Defendants (and any affiliated or related companies) has been permanently and irrevocably severed, and Plaintiff forever waives any and all claims or right to reinstatement or future employment. Plaintiff agrees that he shall not at any time seek future employment with the Company (or any affiliated or related company). A breach of this paragraph by Plaintiff shall constitute lawful and just cause for a refusal to employ Plaintiff.

### I.  Mutual Non-Disparagement

1.  Plaintiff agrees that he will not, except pursuant to compulsory legal process, make any statement or communicate to any third party any information, which has the purpose or effect of maligning, impugning or causing harm to Releasees.

2.  Defendants agree that they will not, except pursuant to compulsory legal process, make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to Plaintiff.

### J.  Attorneys' Fees and Costs

Except as provided for in paragraph A(1) herein, the parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an

action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

### K. Complete Agreement

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

### L. Additional Terms

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the federal and state courts within the State of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

HEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

Case 1:15-cv-05462-DCF Document 38-1 Filed 01/22/18 Page 9 of 11

By: _____
Timoteo Rosendo

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 3rd day of October 2016, before me personally came Timoteo Rosendo to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 3rd
day of October 2016

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

By: _____
      Danny Sze

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF _NASSAU_ )

On the 13TH day of October 2016, before me personally came Danny Sze to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 13TH
day of October 2016

_____
Notary Public

> EDWARD CABALLERO
> Notary Public, State of New York
> No. 01CA0529460
> Qualified in Suffolk County
> Commission Expires May 31, 2019

By: _____
      Kenny Sze

STATE OF NEW YORK   )
                                )ss.:
COUNTY OF _NASSAU_ )

On the 13TH day of October 2016, before me personally came Kenny Sze to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 13TH
day of October 2016

_____
Notary Public

> EDWARD CABALLERO
> Notary Public, State of New York
> No. 01CA0529460
> Qualified in Suffolk County
> Commission Expires May 31, 2019

10

By: _____
Andy Sze

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF New York   )

On the 14 day of October 2016, before me personally came Andy Sze to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

Sworn to before me this 14
day of October 2016

_____
Notary Public

Clairmont McGarrell
Notary Public, State of New York
Registration #01MC6309241
Qualified In Bronx County
Commission Expires August 11, 2018

NYC Sable Inc.

By: _____

DANNY SZE  OWNER
[Print Name and Title]

11